477 So.2d 1252 (1985)
Lois Athena UMERSKA
v.
Barry B. KATZ.
No. CA-3180.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 1985.
Rehearing Denied November 26, 1985.
*1253 James Foley, III, Kenner, for plaintiff appellee.
Bradford R. Roberts, II, Roberts, Katz, Baudier & Broussard, New Orleans, for defendant-appellant.
Before SCHOTT, KLEES and BYRNES, JJ.
SCHOTT, Judge.
This is a damage suit by a former tenant lessee against her former lessor for abuse of judicial process, harassment, and breach of his obligation to provide her with peaceful possession of the leased premises by repeatedly filing suits against her to force her to vacate the leased premises. From a judgment in favor of plaintiff for $3,500 defendant has appealed. Plaintiff has answered the appeal seeking an increase in the amount of damages. The principal issue is whether the evidence provides a legal basis for the award.
The parties entered into a six month lease of the premises at 628 St. Philip Street in New Orleans commencing on February 1, 1981. The lease provided for monthly rent of $650 payable not later than the fifth of each month.
The March rent was not paid on time notwithstanding plaintiff's explanation that she did pay the rent to defendant's girlfriend. Thus, on March 6, defendant served a notice on plaintiff to vacate the premises and followed up on March 17 with a rule to vacate the premises (Suit 1). This rule was dismissed on March 27 after a hearing.
On the following day defendant served a second notice on plaintiff to vacate the premises for non-payment of rent. On April 6 defendant filed a second rule for possession (Suit 2). In the present suit plaintiff testified that she tendered the rent to defendant on March 27 and he refused to accept it. However, the evidence established that plaintiff tendered only $600 and not the $650 which was due. She withheld $50 she paid for electrical repairs to the premises. This second rule for possession was dismissed on April 10, and there is a notation by the minute clerk that the judgment was conditioned upon "payment made within 24 hours." The testimony in the present case established that defendant was paid in April $1300 which covered the rent for March and April, 1981.
On May 7 defendant filed a "supplemental rule for possession" in Suit 2 seeking to have plaintiff evicted for violations other than non-payment of rent. These alleged violations included keeping a dog on the premises, using the premises for commercial purposes, having more than three persons residing there, damaging the premises, causing the premises to become a health hazard, and cluttering the common patio. This supplemental petition did not come to trial on the merits but was dismissed on plaintiff's exception on May 20. The exception was based on the proposition that once the rent was paid Suit 2 was terminated and could not be revived by a supplemental rule.
Simultaneous with the dismissal of Suit 2, defendant filed Suit 3, and a rule for possession based on the same grounds alleged in the supplemental rule in Suit 2 and discussed above. This time plaintiff countered with an exception of unauthorized use of summary proceedings which was based on the theory that the notice to vacate because of the alleged violations was vitiated by defendant's acceptance of the May rent precluding the use of summary process. On May 29 a consent judgment *1254 was signed maintaining the exception and dismissing the suit.
On June 9 defendant served plaintiff with a notice to vacate for non-payment of the June rent. The record shows that plaintiff gave defendant a check on June 2 for $650 but this was dishonored by plaintiff's bank as NSF. Defendant filed a rule for possession (Suit 4) on July 6 based on plaintiff's failure to pay the June rent. This suit was dismissed on August 12, 1981. While not clear from the record of Suit 4 or the testimony in the present case it appears that plaintiff finally paid and defendant accepted the June rent bringing about the dismissal of the rule.
Suit 5 was a rule for possession of the premises for non-payment of November rent by then $750 monthly in accordance with the lease. This suit resulted in a judgment in defendant's favor terminating the lease and ordering plaintiff to vacate the premises.
The present suit was filed on June 17, 1981 but not tried until May 1984. Among plaintiff's allegations is that she paid her June rent on June 2, and she attached to her petition a rent receipt of the same date. However the testimony establishes that her rent check was NSF, and that plaintiff was the victim of a forgery which caused her account to be overdrawn. But when the notice to vacate was given plaintiff on June 9 the rent had not been paid.
In reasons for judgment the trial court noted that defendant decided almost from the beginning of the lease that plaintiff was an undesirable tenant and he sought to have her evicted on what he considered legal grounds, but "every judge who considered his claim recognized his actions for what they were." The trial judge reasoned that "common sense" notions of justice required a judgment for plaintiff. He considered defendant's eviction suits to be a violation of the obligation of a lessor under LSA-C.C. Art. 2692(3) "to cause the lessee to be in a peaceable possession of the thing during the continuance of the lease." He concluded that defendant's conduct was tortious because it was in violation of the law and was intentional entitling plaintiff to damages.
A lessor's obligation to maintain the lessee in peaceable possession is not absolute but conditioned on the lessee meeting the obligations imposed under the lease. If plaintiff was in violation of the lease each time defendant sought to evict her he cannot be said to have wrongfully disturbed her possession of the premises. From our review of the record we find that each suit was justified under the lease between the parties and cannot be considered a violation of plaintiff's right to peaceable possession.
Plaintiff was bound to pay $650 not later than the fifth day of each month. Her failure to pay the March rent by March 5 entitled defendant to expel her from the property. C.C. Art. 2712. Plaintiff's explanation that she had given the rent to defendant's friend was not an excuse for failing to pay the rent and did not deprive defendant of his right to expel her. Thus, Suit 1 could not and did not constitute a wrongful disturbance of plaintiff's possession of the premises.
Suit 2 was filed on the day Suit 1 was dismissed by the trial court. According to plaintiff whose testimony was accredited by the trial judge and is therefore accepted by us, when Suit 1 was dismissed the trial judge ordered defendant to accept the rent, but he refused to do so and filed Suit 2 instead. However, plaintiff also testified that she tendered only $600 because she had spent $50 on electrical repairs and credited this to the rent.
The lease provides "No repairs shall be due Lessee by Lessor except to the roof and such as may be rendered necessary by fire or other casualty...." Accordingly, plaintiff had no right to deduct $50 from the rent and defendant was not obligated to accept anything less than $650 if obliged to accept anything at all at the late date. Therefore Suit 2 could not and did not constitute a wrongful disturbance of plaintiff's possession of the premises.
*1255 At some point in April plaintiff paid and defendant accepted $1,300 rent for the months of March and April so that Suit 2 was concluded. However, defendant subsequently filed a supplemental rule for possession this time based not on non-payment of rent but instead on other violations of the lease. Although the supplemental rule was dismissed on procedural grounds testimony in the present record establishes that the lease was being violated. It provided that the premises were for residential use of three persons and allowed one cat on the premises. In addition to allowing extra persons to stay on the premises plaintiff kept a large dog whose use of the patio, which was common to other apartments in the complex, was a nuisance to the other tenants. Defendant was justified in bringing his complaint to court. This aspect of Suit 2 did not constitute a wrongful disturbance of plaintiff's possession.
We are not persuaded that the dismissal of defendant's supplemental rule caused the rule to be regarded as a wrongful disturbance. The rule was dismissed simply because the suit and its numerical designation on the docket of the Civil District Court had been terminated when the supplemental rule was filed. Defendant had the right to start over with a new suit in the same court but not to proceed in the old suit. Litigants often meet with stumbling blocks in the form of dilatory exceptions which require them to start over. Such a development in itself should not cause the litigant to be subjected to a damage suit for bringing an improper suit in the first instance. This is especially so where, as in the present case, the complaint seems to have some rational basis so as to entitle the litigant to his day in court. To hold otherwise would be contrary to our Louisiana Constitution's guarantee of access to courts. LSA-Const. Art. 1, Section 22.
Once again, defendant's next suit, (Suit 3), which contained allegations identical to the supplemental rule in Suit 2, was dismissed on procedural grounds. The only notice to vacate given plaintiff was for non-payment of rent but the rent was paid and accepted following the notice and before the rule was filed. Defendant still had his substantial allegations of plaintiff's misuse of the premises and violations of the lease to be tried, but he had proceeded in the wrong way and suffered his suit to be dismissed. As before, we are unable to attribute wrong doing to defendant who had a legitimate cause of action to pursue but who floundered with the wrong procedural vehicle.
The last suit defendant filed to evict plaintiff before she instituted the present suit was on July 6 and was based on plaintiff's failure to pay rent for the month of June. The record of that suit contains plaintiff's June 2 rent check for $650 stamped N.S.F. by her bank. It also contains copies of her bank statements for the period from June 1 through July 3, showing balances never exceeding $493 until July 2, 1981 when the bank credited her account with $500 to reimburse her for charges made for forged checks. However, even after this reimbursement was made her account never reached $650 until July 9 which was two days after defendant filed his rule to evict her. The fact is the rent was still not paid at that time. All defendant had was a worthless check for $650. This is entirely consistent with plaintiff's own testimony in the present case. Apparently she was the victim of forgery which caused her June 2 check to be N.S.F. But the fact remains that the rent was not paid to defendant in accordance with the lease and he was entitled to expel her under C.C. Art. 2712. The conclusion is inescapable that Suit 4 cannot be considered a wrongful disturbance of plaintiff's possession of the leased premises.
The foregoing analysis demonstrates that the trial judge erred in concluding that defendant breached a duty to plaintiff in bringing suits to evict her. Since there was no breach, no tort was committed and plaintiff is not entitled to damages.
We have also considered whether plaintiff's judgment can stand on the theory of abuse of judicial process, which was pleaded in her petition and which has been recognized in Louisiana Courts. In Mini-Togs, Inc. v. Young, 354 So.2d 1389 (La. *1256 App. 2d Cir.1978) the court held that the essential elements of this cause of action are the existence of an ulterior motive and an irregularity in the process itself, that is, a wilful act in the use of the process not proper in the regular prosecution of the proceeding. In the instant case the trial judge was impressed by the defendant's expressed determination to get plaintiff out of his property which he considered was his ulterior motive for the suits to evict her. Nonetheless, as we have concluded his suits were warranted and cannot be considered irregularities in the process.
Finally, the trial judge was influenced by the facts that in each one of the previous suits his brother judges had dismissed defendant's suits and had shown some sympathy for plaintiff's position. We have found that in each instance defendant was authorized by the lease and under the law to file the suits to evict plaintiff. If developments subsequent to the filings caused dismissal of the suits he cannot be convicted of abuse of judicial process in the first instances.
Accordingly, the judgment appealed from is reversed and set aside. There is judgment in favor of defendant, Barry B. Katz and against plaintiff, Lois Athena Umerska, dismissing her suit at her cost including costs of this appeal.
REVERSED AND RENDERED.