# NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0974

DANIEL CARL RAINER

VERSUS

JOHN THORNHILL

CONSOLIDATED WITH

2019 CA 0975

DANIEL CARL RAINER AND ANITA HUGHES RAINER

VERSUS

JOHN EUGENE THORNHILL AND RICHIE, RICHIE, & OBERLE, L.L.P.
AND DALE JESSE THORNHILL, III AND MICHAEL SEAN RAINER

Judgment Rendered:  **MAY 1 1 2020**

\* \* \* \* \* \* \*

APPEALED FROM THE FIRST JUDICIAL DISTRICT COURT,
IN AND FOR THE PARISH OF CADDO
STATE OF LOUISIANA
DOCKET NUMBER 602,392B, CONSOLIDATED WITH 604,308B,

HONORABLE CRAIG O. MARCOTTE, JUDGE

\* \* \* \* \* \* \*

*Chutz, J. concurs (by Jmm)*

**Counsel of Record:**

| | |
|---|---|
| Murray R. Rogers<br>Shreveport, Louisiana | Attorney for Plaintiffs/Appellants<br>Daniel and Anita Rainer |
| Charles Vernon Richie<br>Shreveport, Louisiana | Attorney for Defendants/Appellees<br>John Eugene Thornhill and Richie,<br>Richie, and Oberle, LLP |

**BEFORE: McDONALD, THERIOT, and CHUTZ, JJ.**

**McDonald, J.**

This is an appeal from a judgment issued in the First Judicial District Court in Caddo Parish.[1] The trial court judgment sustained an exception of no right of action, found an exception of no cause of action and motion for summary judgment moot, denied a motion to quash and for protective order as moot, ordered that counsel for plaintiffs provide notice to all counsel of record of subpoenas issued and provide copies of all documents received under subpoenas to all counsel of record, denied motions to disqualify defendant's attorney and his law firm, and certified the judgment as a final judgment. After a thorough review, we affirm.

## FACTS AND PROCEDURAL HISTORY

This is a consolidated case involving possessory and petitory actions, an action for damages, and various related claims pertaining to an approximately 3.5 acre parcel of land which is part of a larger, 14-acre parcel of land located adjacent to Providence Road in Caddo Parish.

In the first suit, filed on July 26, 2017, Daniel Carl Rainer (Mr. Rainer) filed an "EX PARTE PETITION FOR A TEMPORARY RESTRAINING ORDER" against John Eugene Thornhill (Mr. Thornhill), asserting that Mr. Thornhill was attempting to remove him from the 3.5 acre parcel of property which he had possessed since 1984. He asked that Mr. Thornhill be ordered to halt his eviction efforts, be instructed to contact him through his attorney, and be instructed to inform Mr. Rainer's counsel of his counsel's contact information so that a resolution to the dispute could be reached.[2]

---

[1] All of the judges of the Second Circuit Court of Appeal recused themselves from the appeal. Thereafter, on July 19, 2019, the Louisiana Supreme Court ordered that the matter be transferred to this court.

[2] Mr. Thornhill later filed a motion to dismiss his petition without prejudice and the petition was thereafter dismissed without prejudice by the trial court on August, 9, 2017.

3

On August 7, 2017, Mr. Thornhill filed a motion for contempt and sanctions, naming as defendant Murray Rogers, the attorney for Mr. Rainer, asserting abuse of process, acts or omissions intended to obstruct or interfere with the orderly administration of justice, and breaches of certifications of La. C.C.P. art. 863. On August 21, 2017, Mr. Rainer filed a motion for sanctions against Vernon Richie (Mr. Richie), the attorney for Mr. Thornhill, asserting violations of the Code of Civil Procedure and Rules of Professional Conduct.

On August 22, 2017, Mr. Thornhill filed a reconventional demand asserting a possessory action, naming as defendants Mr. Rainer, his wife, Anita Hughes Rainer, and Michael Sean Rainer (Mr. Rainer's son). Mr. Thornhill alleged that the Rainers' possession was precarious, and thus could not serve as a basis for acquisitive prescription. Mr. Thornhill also sought a permanent injunction to keep the Rainers and Michael Sean Rainer from trespassing, and asked for damages.

In response to the reconventional demand, on September 6, 2017, Mr. Rainer filed exceptions of no cause of action, no right of action, improper joinder of parties, and lack of jurisdiction. He also asked that the hearing on his exceptions be continued until the court ruled on the motion to disqualify Mr. Richie, asserting that if the motion to disqualify was granted, the exceptions would be moot.

In the second suit, filed on October 20, 2017, the Rainers filed a "PETITION FOR POSSESSORY ACTION AND DECLARATORY JUDGMENT" regarding the 3.5 acre parcel of property. The Rainers prayed that they be declared the lawful possessors of the property, that they be declared owners of the property by acquisitive prescription, and that a mortgage between Mr. Thornhill and the law firm representing him, Richie, Richie & Oberle, L.L.P. (RR&O), which included the disputed property, be declared null. As the Rainers cumulated their petitory

4

and possessory actions in the same suit, they waived their possessory action.[3] The

Rainers named as defendants in the petitory action Mr. Thornhill and RR&O. The

Rainers named as defendants in the declaratory action Dale Jesse Thornhill, III,

(Mr. Thornhill's brother and Mr. Rainers' step-nephew) and Michael Sean Rainer.

On October 26, 2017, the Rainers filed a motion to disqualify Mr. Richie and

RR&O from representing Mr. Thornhill.[4] The motion alleged that Mr. Richie had

violated the Rules of Professional Conduct and that RR&O had taken a mortgage

on the property subject to the litigation, and thus, had made the firm's attorneys

necessary material witnesses in the case.

After a hearing on October 30, 2017, the trial court signed a judgment on

March 16, 2018, which, in part, denied Mr. Thornhill's motion for sanctions and

the Rainers' motion for sanctions and consolidated the suits.

On June 15, 2018, RR&O filed exceptions of no cause of action and no right

of action and a motion for summary judgment. On August 3, 2018, Mr. Thornhill

and RR&O filed a motion to quash subpoenas, a motion for a protective order, and

a motion for sanctions. A hearing was held on August 27, 2018, and judgment was

rendered in open court. The judgment was signed on October 2, 2018. It provides

in pertinent part:

> THESE CONSOLIDATED MATTERS came before the Court on August 27, 2018 **on Peremptory Exceptions of No Cause of Action and No Right of Action and/or Motion for Summary Judgment, filed by Richie, Richie & Oberle, L.L.P.** Present were (a) C. Vernon Richie, Attorney at Law, representing John Eugene Thornhill and Richie, Richie & Oberle, L.L.P.; (b) Murray Rogers, Attorney at Law, representing Daniel Carl Rainer and Anita Hughes Rainer; and (c) Rita K. Bacot, Attorney at Law, representing Michael Sean Rainer. After evidence was adduced and argument was made,

---

[3] The plaintiff may not cumulate the petitory and possessory actions in the same suit or plead them in the alternative, and when he does so he waives the possessory action. La. C.C.P. art. 3657.

[4] An earlier motion to disqualify Mr. Richie and RR&O from representing Mr. Thornhill, based upon the same facts, was filed on August 21, 2017. That motion was denied by the trial court in a judgment dated November 27, 2017.

the Court finds as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be a judgment in favor of Richie, Richie & Oberle, L.L.P. and against Daniel Carl Rainer and Anita Hughes Rainer granting the Exception of No Right of Action dismissing the claims of the Rainers against Richie, Richie & Oberle thus rendering the No Cause of Action and Motion for Summary Judgment moot.

IT IS FURTHER ORDERED ADJUDGED AND DECREED that the Motion to Quash and Protective Order are denied as moot with the attorney for Daniel Carl Rainer and Anita Hughes Rainer agreeing to provide counsel for Thornhill all documents received by the[m] pursuant to said subpoenas.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that counsel for Rainer will provide notice to all counsel of record when issuing subpoenas with counsel for Rainer providing a copy of all documents received from subpoenas to all counsel of record.

FURTHERMORE, IT IS ORDERED, ADJUDGED AND DECREED [that] all Motions to Disqualify filed in the consolidated cases are DENIED.

IT IS FURTHER ORDER[E]D, ADJUDGED AND DECREED that this Judgment is certified as a final judgment for purposes of immediate appeal, the Court finding that there is no reason for delay. (Emphasis added.)

The Rainers appealed that judgment. On appeal, they raise the following assignments of error:

I. The trial court's decision to deny appellants' motion to disqualify appellee [RR&O] and attorney [Mr.] Richie constitutes an error in law.

II. The trial court erred in denying appellant's motion for sanctions against appellee [RR&O], attorney [Mr.] Richie, and appellee [Mr.] Thornhill.

III. The trial court's decision to grant exceptions of appellees [RR&O] and [Mr.] Thornhill thereby dismissing appellants' tort claims for recovery from alleged [tortious] acts constitutes an error in law.

IV. The trial court's decision to deny appellants' exceptions to possessory claims of appellee [Mr.] Thornhill constitutes an error in law.

RR&O filed an answer to the appeal, maintaining that in the event the

6

judgment sustaining the exception of no right of action is reversed by this court, either in whole or in part, the motion for summary judgment should be granted and the claims asserted by the Rainers against RR&O should be dismissed, with prejudice, at the Rainers' cost. RR&O also filed a motion to strike assignments of error numbers two and four, asserting that those assignments of error were not addressed by the limited appeal. The motion to strike was denied by the Second Circuit Court of Appeal on June 11, 2019.[5]

## ASSIGNMENT OF ERROR NUMBER TWO

In assignment of error number two, the Rainers maintain that the trial court erred in denying a motion for sanctions against RR&O, Mr. Richie, and Mr. Thornhill. Mr. Thornhill and RR&O maintain that the motion for sanctions was denied by the trial court in an earlier judgment and cannot be addressed in this limited appeal. The Rainers' motion for sanctions was denied in a March 16, 2018 interlocutory judgment. The only judgment appealed by Mr. Rainer is the October 2, 2018 judgment.

In general, when an unrestricted appeal is taken from a final judgment determinative of the merits, the appellant is entitled to seek review of all adverse and prejudicial interlocutory judgments, in addition to review of the final judgment. **Carrollton Presbyterian Church v. Presbytery of South Louisiana of the Presbyterian Church (USA)**, 2011-0205 (La. App. 1 Cir. 9/14/11), 77 So.3d 975, 978-979, writ denied, 2011-2590 (La. 2/17/12), 82 So.3d 285, cert. denied, 568 U.S. 818, 133 S.Ct. 150, 184 L.Ed.2d 32 (2012). This is not an unrestricted appeal taken from a final judgment determinative of the merits of the

---

[5] In denying the motion to strike, the Second Circuit Court of Appeal stated "This Court renders judgments that are just, legal, and proper upon the record upon appeal; it does not consider issues which were not ruled upon by the trial court. *See* La. C.C.P. art. 2164 and U.R.CA. Rule 1-3. Accordingly, the motion to strike is denied as unnecessary."

case. The appeal herein is restricted to the merits of the rulings in the October 2, 2018 judgment sustaining the exception of no right of action and denying the motion to disqualify Mr. Thornhill's counsel. Thus, this assignment of error is not properly before us on appeal.

## ASSIGNMENT OF ERROR NUMBER FOUR

In assignment of error number four, the Rainers maintain that the trial court erred in denying their exceptions to the possessory claims made in the reconventional demand filed by Mr. Thornhill. While there was discussion of the Rainers' exceptions to Mr. Thornhill's reconventional demand at the hearing, the judgment on appeal does not address the Rainers' exceptions, and the record before us does not contain a judgment addressing the Rainers' exceptions to Mr. Thornhill's reconventional demand.[6] Thus, this assignment of error is not properly before us on appeal.

## ASSIGNMENT OF ERROR NUMBER ONE

In assignment of error number one, the Rainers maintain that the trial court erred in denying their motion to disqualify RR&O and Mr. Richie. The Rainers alleged two grounds for disqualification. First, disqualification as potential witnesses in the case, and second, disqualification for violation of the Rules of Professional Conduct.

We first address the issue of disqualification of an attorney who is a potential witness in a case. The Rules of Professional Conduct, Rule 3.7, provides:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

(1) the testimony relates to an uncontested issue;

---

[6] It is the responsibility of the appellants to designate the record on appeal, and the inadequacy of the record is imputable to them. La. C.C.P. art. 2128; **Niemann v. Crosby Development Company, L.L.C.,** 2011-1337 (La. App. 1 Cir. 5/3/12), 92 So.3d 1039, 1044.

8

> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

The Rainers sought to disqualify the entire RR&O law firm based upon their contention that two of the lawyers in the firm could be called as witnesses in the case. Should either or both of those two lawyers be called to testify at the trial, others members of the firm would still be allowed to act as counsel in the case, assuming they are not precluded from doing so by Rule 1.7 or Rule 1.9. Rules of Professional Conduct, Rule 3.7(a) & (b). Thus, we find no merit to this argument.

Next we address the Rainers' assertion that Mr. Richie should be disqualified as counsel for Mr. Thornhill and RR&O based upon Mr. Richie's alleged violation of the Rules of Professional Conduct, Rule 1.8(i). The Rules of Professional Conduct, Rule 1.8 provides that:

> (i) A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client, except that the lawyer may:
>
> (1) acquire a lien authorized by law to secure the lawyer's fee or expenses; and
>
> (2) contract with a client for a reasonable contingent fee in a civil case.

Mr. Thornhill executed "An Act of Mortgage to Secure Present and Future Obligations" in favor of RR&O on August 7, 2017 to secure payment of legal fees owed to RR&O. The act of mortgage encumbered fourteen acres of land, including that portion of the property in dispute in this case. A special mortgage given over property the mortgagor does not own is established when the property is

subsequently acquired by the mortgagor. La. C.C. art. 3292. A conventional mortgage may be established to s.ecure performance of any lawful obligation, even one for the performance of an act. La. C.C. art. 3293. If the trial court were to ultimately find that the disputed acreage did not belong to Mr. Thornhill, the mortgage would not have attached to that portion of the acreage. Thus, we find no merit to this argument. Further, we note that the mortgage was released as to the disputed acreage by a Partial Release of Mortgage on August 23, 2017 by Mr. Richie and RR&O.

After review, we find no error in the trial court's decision to deny the motion to disqualify Mr. Richie and RR&O. This assignment of error has no merit.

### ASSIGNMENT OF ERROR NUMBER THREE

In assignment of error number three, the Rainers maintain that the trial court erred in sustaining the exceptions of no right of action filed by RR&O and dismissing the Rainers' abuse of process claim against RR&O. The objection of no right of action tests whether the plaintiff who seeks relief is the person in whose favor the law extends a remedy. Generally, an action can only be brought by a person having a real and actual interest that he asserts. La. C.C.P. art. 681. **Denham Homes, L.L.C. v. Teche Fed. Bank**, 2014-1576 (La. App. 1 Cir. 9/18/15), 182 So. 3d 108, 120.

The essential elements of an abuse of process claim are: (1) the existence of an ulterior purpose; and (2) a willful act in the use of the process not proper in the regular prosecution of the proceeding. **Waguespack, Seago and Carmichael v. Lincoln** 99-2016 (La. App. 1 Cir. 9/22/00), 768 So.2d 287, 290-291.

In their brief, the Rainers claim an abuse of process by Mr. Richie in filing a motion for contempt and sanctions on August 7, 2017. That motion for contempt

10

and sanctions was filed against Murray Rogers, the attorney for the Rainers. Thus, even if the filing of the motion for contempt and sanctions were somehow an abuse of process, it would not give the Rainers a right of action for abuse of process against RR&O. The only other action referred to in the Rainers' brief as an abuse of process is the mortgage taken by RR&O on the property at issue. Even if, arguendo, the filing of a mortgage by RR&O, which was given by Mr. Thornhill to RR&O to secure payment of RR&O's legal fees, could be considered a part of the legal process in this case, the mortgage was released before the hearing on the exception of no right of action.

Thus, after *de novo* review, we find no right of action by the Rainers for an abuse of process claim against RR&O. This assignment of error has no merit.

## ANSWER TO THE APPEAL

RR&O answered the appeal, maintaining that if this court reversed the trial court judgment sustaining the exception of no right of action, this court should grant summary judgment in its favor. As we are affirming the trial court judgment, the answer to the appeal is moot.

## DECREE

For the foregoing reasons, the trial court judgment is affirmed. The answer to the appeal is denied as moot.

## AFFIRMED; ANSWER TO APPEAL DENIED.

11