496 So.2d 412 (1986)
Warren A. GOLDSTEIN, Mark B. Herman and Avram C. Herman
v.
Mitchell SERIO and Jack Serio.
No. CA-5153.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1986.
Rehearing Denied November 19, 1986.
*413 Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, Walter C. Thompson, Jr., Thomas E. Schwab, New Orleans, for plaintiffs-appellants Warren A. Goldstein, Mark B. Herman and Avram C. Herman.
Habans & Bologna, Robert N. Habans, Jr., John C. McNeese, New Orleans, for defendants-appellees Mitchell Serio and Jack Serio.
Before GULOTTA, KLEES and BYRNES, JJ.
KLEES, Judge.
Plaintiffs appeal the granting of defendants' exception of no cause of action. Plaintiffs, who are attorneys, instituted suit against the defendants, their former clients, seeking damages for defamation, malicious prosecution and abuse of process after defendants' complaints to the Louisiana State Bar Association's Committee on Professional Responsibility were dismissed based on the Committee's finding that there was "no showing of any unethical conduct." The trial court maintained the exception of no cause of action, holding that the statements made to the Louisiana State Bar Association were absolutely privileged, and thus, an affirmative defense existed which defeated plaintiffs' actions.
The trial court's decision to maintain the defendants' exception of no cause of action was based upon Article XV, Section 13, of the Articles of Incorporation of the Louisiana State Bar Association. This section, as set forth in Title 37, Chapter 4Appendix of the Louisiana Revised Statutes, provides:
"Article XV Sec. 13: Privileges and Immunities
Complaints filed with the Commission in accordance with these rules shall be absolutely privileged and all communications and evidence predicated thereon shall not be admissible in any court in this State in proceedings against the person filing such complaints. Members of the Committee, its counsel, investigators and staff shall be immune from suit for any conduct in the course of their official duties performed in accordance with these rules.
All communications between the Committee, its counsel, investigators and staff shall be privileged and shall not be admissible as evidence in any proceeding other than those authorized under Article XV hereof." (Emphasis added.)
The Third Circuit Court of Appeal in Toomer v. Breaux, 146 So.2d 723 (La.App. 3rd Cir.1962), recognizing that a privilege did exist in favor of a complainant who made alleged libelous statements to the Bar Association, stated that the existence of the privilege
is based upon the social interest of the public, the courts, and the bar itself in affording the fullest possible investigation by those lawfully entitled to do so, of grievances alleged against the conduct of attorneys, in order either to correct abuses complained of or else to expose such complaints as unfounded if the investigation so indicates. Toomer v. Breaux, 146 So.2d at 726.
*414 However, the court expressly refused to decide whether the privilege that existed was absolute or qualified.
Privilege, either absolute or qualified, has been recognized as an affirmative defense to a defamation action. An absolute privilege protects the speaker or publisher without reference to his notion as to the truth or falsity of the statement. Black's Law Dictionary, Fifth Edition, p. 1077. Under Louisiana law, communications made in a judicial or quasi-judicial proceeding carry an absolute privilege. Lauga v. McDougall, 463 So.2d 754 (La. App. 4th Cir.1985); Freeman v. Cooper, 390 So.2d 1355 (La.App. 4th Cir.1980), writ granted, 397 So.2d 802 (La.1981), judgment affirmed, 414 So.2d 355 (1982); Bienvenu v. Angelle, 254 La. 182, 223 So.2d 140 (1969) (overruled on other matter, Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975)). Because a disciplinary proceeding conducted by the Committee on Professional Responsibility is much like a judicial proceeding, we must hold that the communications made by the defendants to the Bar Association are absolutely privileged.
Louisiana Code of Civil Procedure article 931 prohibits the introduction of evidence to support or controvert the objection that the petition fails to state a cause of action. Thus, the affirmative defenses that may be asserted by means of such an objection are limited to those which are disclosed by the petition itself. Haskins v. Clary, 346 So.2d 193, 195 (La.1977); Steeg v. Lawyer's Title Insurance Corporation, 329 So.2d 719 (La.1976). In this case, the affirmative defense of absolute privilege is disclosed by plaintiffs' petition, particularly paragraphs XXXI, and XXXII, which states:
XXXI
On or about May 29, 1984, acting in concert with others not known with certainty to petitioners at this time, defendants M. Serio and J. Serio transmitted a communication to the Louisiana State Bar Association, as part of a conscious plan or scheme to destroy or damage petitioners' professional reputation and right to earn a living in their chosen professions. The letter, transmitted and signed by M. Serio and J. Serio, contained numerous false and defamatory statements, made with actual malice or with reckless disregard for the truth or falsity thereof. A copy of the undated letter is annexed hereto as Exhibit "D".
XXXII
Among the false and defamatory statements contained in the letter referred to in Paragraph XXXI, supra, are:
1. The assertion that W. Goldstein and A. Herman were not authorized to deduct from the proceeds from the sale a bill from M. Herman in the amount of $100,000.00, a bill from the Herman, Herman & Katz law firm in the amount of $23,189.59 and sums due to Riverside Financial Services in the amount of $11,029.89;
2. The assertion that M. Herman refused to return defendants' calls;
3. The assertion that A. Herman and W. Goldstein refused to return defendant's calls; and,
4. The assertion that the foregoing sums were "taken from" defendants at the Act of Sale without their permission or consent.
Because these communications, upon which plaintiffs based their action, are absolutely privileged, the trial court correctly maintained the exception of no cause of action as to the defamation claim.
On the other hand, we cannot say that the affirmative defense of absolute privilege defeats plaintiffs' malicious prosecution and abuse of process actions. Whereas, the defense of absolute privilege has been jurisprudentially recognized to defeat a defamation action, we can find no authority which states that absolute privilege is an affirmative defense to malicious prosecution or abuse of process.
An affirmative defense raises new matters which, assuming the allegations to be true, constitute a defense to the action *415 which has the effect of defeating the plaintiff's demand on the merits. Trahan v. Ritterman, 368 So.2d 181 (La.App. 1st Cir.1979). Thus, for the exception of no cause of action to be maintained as to the malicious prosecution and abuse of process claims, the defense of absolute privilege must defeat the elements of each action.
A malicious prosecution action must contain the following essential elements: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against the present plaintiff, who was a defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceedings; (5) the presence of malice therein; and (6) damages resulting to the plaintiff, which conform to legal standards. Harvey v. Bertaut, 303 So.2d 211 (La.App. 4th Cir.1974); Breda v. Attaway, 371 So.2d 1270 (La.App. 3rd Cir.1979); Johnson v. Pearce, 313 So.2d 812 (La.1975); Robinson v. Godchaux, 307 So.2d 287 (La.1975). The affirmative defense of absolute privilege applies only to statements communicated to third person. Malicious prosecution, however, is not concerned with the statements made during a proceeding but rather with the intent of the parties in instituting the original proceeding. Therefore, we can not hold that absolute privilege is an affirmative defense to a malicious prosecution action.
As in the case of malicious prosecution, an abuse of process action cannot be defeated by the defense of absolute privilege. Abuse of process involves the misuse of a process already legally issued whereby a party attempts to obtain a result not proper under the law. Umerska v. Katz, 477 So.2d 1252 (La.App. 4th Cir.1985); Stark v. Eunice Superette, Inc., 457 So.2d 291 (La.App. 3rd Cir.1984), writ denied, 461 So.2d 316 (La.1984); Succession of Cutrer v. Curtis, 341 So.2d 1209 (La.App. 1st Cir.1976), writ denied, 343 So.2d 201 (La.1977). At issue in such actions is the intent to use a legal process for an improper reason, not the statements made. In both malicious prosecution and abuse of process, the crux of the action is not the statements made but the fact that a proceeding was maliciously and/or illegally pursued.
Therefore, the affirmative defense of absolute privilege does not defeat plaintiffs' malicious prosecution and abuse of process actions on the merits. The maintenance of defendants' exception of no cause of action as to the malicious prosecution and abuse of process actions is reversed.
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed in part and reversed in part.
AFFIRMED IN PART,
REVERSED IN PART.