*485
 
 I,ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 

 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Craig J. Mordock, an attorney licensed to practice law in Louisiana.
 

 UNDERLYING FACTS
 

 Attorney Ramon J. Fonseca, Jr. represented Valerie Tabor (“Valerie”) in ongoing litigation with her ex-husband, Cornelius Tabor (“Cornelius”), over community property and custody and visitation of their daughter. During the representation, Mr. Fonseca and Valerie were involved in a personal relationship.
 
 [1]
 
 Eventually, Mr. Fonseca voluntarily withdrew from the representation.
 

 In March 2003, Cornelius filed a disciplinary complaint against Mr. Fonseca. In July 2003, Cornelius filed suit against Mr. Fonseca, alleging intentional misconduct and abuse of process in the underlying litigation between Cornelius and Valerie. Mr. Fonseca hired respondent to represent him in the matter.
 

 In March 2004, respondent filed a recon-ventional demand on behalf of Mr. Fonse-ca,
 
 [2]
 
 alleging, among other things, the following:
 

 li>On or about March 25, 2003 CORNELIUS J. TABOR, maliciously and without probable cause, filed a complaint (hereinafter “complaint”) with the Louisiana Attorney Disciplinary Board against RAMON J. FONSECA, JR., wherein MR. TABOR made defamatory allegations against MR. FONSECA knowing them to be false.
 

 * * *
 

 The complaint filed by MR. TABOR with the Louisiana Attorney Disciplinary Board constitutes libel, defamation, malicious prosecution, abuse of rights, and an abuse of the attorney disciplinary process, causing severe injury to MR. FONSECA. MR. TABOR’s complaint was specifically calculated to defame the character of MR. FONSECA and to harass an adverse party to litigation in which he was involved.
 

 In response to the reconventional demand, Cornelius’ attorney, Robert Matthews, filed exceptions of no cause of action, no right of action, and prematurity based upon absolute immunity pursuant to
 
 *486
 
 Supreme Court Rule XIX, § 12 A.
 
 [3]
 
 Mr. Matthews also filed a disciplinary complaint against respondent.
 

 In April 2004, the trial court signed a judgment on exceptions containing the following orders:
 

 1. That the exceptions of no cause and right of action with respect to the claim for libel and defamation based on the filing of the disciplinary complaint [by Cornelius against Mr. Fonseca] be and the same is hereby granted, with prejudice;
 

 2. That the exceptions of no cause and right of action with respect to the claim for malicious prosecution, abuse of process and abuse of right based on the filing of the disciplinary complaint [by Cornelius against Mr. Fonseca] be and the same is hereby denied.
 

 3In May 2004, respondent filed an amended reconventional demand meant to remove the claims for libel and defamation. However, the claims for malicious prosecution, abuse of process, and abuse of rights remained despite notice to respondent by both Mr. Matthews and the ODC that the claims violated Supreme Court Rule XIX, § 12 A.
 
 [4]
 

 DISCIPLINARY PROCEEDINGS:
 

 In September 2006, the ODC filed one count of formal charges against respondent, alleging that his conduct as set forth above violated Supreme Court Rule XIX, § 12 A as well as the following provisions of the Rules of Professional Conduct: Rules 8.4(a) (violation of the Rules of Professional Conduct) and 8.4(d) (engaging in conduct prejudicial to the administration of justice). Respondent answered the formal charges and denied any misconduct. This matter then proceeded to a formal hearing on the merits.
 

 During the hearing, respondent testified that by the time he was retained, Mr. Fonseca had already decided to file a re-conventional demand against Cornelius. He claimed that Mr. Fonseca drafted the reconventional demand, and after doing some research, respondent agreed to include the claims based on Cornelius’ disciplinary complaint “just to preserve them at that point, even if we later determined that they may or [may] not be meritorious.” He contended that Cornelius’ petition for damages against Mr. Fonseca disclosed the existence of the disciplinary complaint and the allegations made therein, given that the allegations in the petition for damages mirror |4the allegations in the disciplinary complaint.
 
 [5]
 
 Respondent also
 
 *487
 
 stated that the ODC, after investigating Cornelius’ disciplinary complaint, found no misconduct on Mr. Fonseca’s part.
 
 [6]
 
 Respondent did not oppose the dismissal of the libel and defamation claims because of Supreme Court Rule XIX, § 12 A. However, he did not think § 12 A applied to the malicious prosecution, abuse of process, and abuse of rights claims because of
 
 Goldstein v. Serio,
 
 496 So.2d 412 (La.App. 4th Cir.1986).
 
 [7]
 
 He felt that Mr. Matthews filed the disciplinary complaint against him to gain leverage in Cornelius’ civil suit against Mr. Fonseca.
 

 Hearing Committee Report
 

 After considering the evidence and testimony presented at the hearing, the committee found that respondent filed the re-conventional demand on behalf of Mr. |fiFonseca knowing that it asserted a claim for damages based upon the filing of a disciplinary complaint by Cornelius. However, Mr. Fonseca testified that he forwarded a copy of the reconventional demand to the ODC prior to filing same because he was concerned about taking these steps. He also stated that he did not receive a response from the ODC.
 

 Based on these finding, the committee determined that respondent violated the spirit of Supreme Court Rule XIX, § 12 A. The committee believed that Supreme Court Rule XIX, § 9, which states that it shall be grounds for discipline to violate or attempt to violate the Rules of Professional Conduct, or any other rules of this jurisdiction regarding professional conduct of lawyers, is broad enough to include respondent’s conduct. The committee further noted the purpose of Supreme Court Rule XIX, § 12 A is to avoid the “chilling effect” that would result from parties, or their attorneys, initiating legal action against complainants or witnesses relating to communications given to the disciplinary board, hearing committees, or the ODC relating to lawyer misconduct in disciplinary proceedings. Finally, the committee determined that respondent violated Rules 8.4(a) and 8.4(d) of the Rules of Professional Conduct.
 

 The committee determined that there was no direct harm to Cornelius. As an aggravating factor, the committee found respondent’s refusal to acknowledge the wrongful nature of the conduct. In mitigation, the committee found that respondent has no prior disciplinary record.
 

 Under these circumstances, the committee recommended that respondent be pub
 
 *488
 
 licly reprimanded and be ordered to attend Ethics School.
 

 Respondent filed an objection to the hearing committee’s recommendation.
 

 |
 
 ¿Disciplinary Board Recommendation
 

 After review, the disciplinary board determined that the hearing committee’s factual findings are not manifestly erroneous. The board found respondent’s conduct violated Rules 8.4(a) and 8.4(d) of the Rules of Professional Conduct. Furthermore, the board determined respondent engaged in conduct that was in direct violation of Supreme Court Rule XIX, § 12 A.
 

 Regarding respondent’s reliance on
 
 Goldstein,
 
 the board noted that the
 
 Gold-stein
 
 decision was rendered prior to the promulgation of Supreme Court Rule XIX, § 12 A, which became effective April 1, 1990. Furthermore, respondent’s original claim was based upon alleged defamation, a cause of action that would not be subject to exemption from § 12 A requirements even if the
 
 Goldstein
 
 rationale were accepted.
 

 The board determined that respondent knowingly violated duties owed to the legal system. He caused harm to Cornelius in the form of the unquantified time for additional research and appearances regarding the exceptions raised to the reconventional demand. He also caused potential harm to the disciplinary system. Relying on the ABA’s Standards
 
 for Imposing Lawyer Sanctions,
 
 the board determined that the baseline sanction is suspension.
 

 In aggravation, the board found a refusal to acknowledge the wrongful nature of the conduct. In mitigation, the board found the absence of a prior disciplinary record.
 

 Considering these circumstances, the board recommended that respondent be suspended from the practice of law for six months, with all but one month deferred. The board further recommended that respondent be placed on unsupervised probation for five months following the active period of the suspension, subject to the condition 17that any misconduct during this period may be grounds for making the deferred suspension executory or imposing additional discipline, as appropriate. The board also recommended that respondent be required to attend the Louisiana State Bar Association’s Ethics School. Finally, the board recommended that respondent be assessed with all costs and expenses of these proceedings.
 

 Although neither respondent nor the ODC filed an objection to the board’s recommendation, on May 27, 2009, this court ordered briefing addressing the issue of an appropriate sanction. The parties were specifically directed to address our recent decision in
 
 In re: Raspanti,
 
 08-0954 (La.3/17/09), 8 So.3d 526. Both parties filed a brief in response to the court’s order. In its brief, the ODC conceded that
 
 Raspanti
 
 controls our decision in this case; respondent adopted the ODC’s argument and agreed that a public reprimand is warranted for his misconduct.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Quaid,
 
 94-1316 (La.11/30/94), 646 So.2d 343;
 
 Louisiana State Bar Ass’n v. Boutall,
 
 597 So.2d 444 (La.1992).
 

 The record supports the factual findings made by the hearing committee. Based on these findings, we conclude respondent violated Supreme Court Rule XIX, § 12 A and the Rules of Professional Conduct as charged in the formal charges.
 

 
 *489
 
 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high | ^standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 In
 
 In re: Raspanti,
 
 08-0954 (La.3/17/09), 8 So.3d 526, we addressed for the first time the interpretation and application of Supreme Court Rule XIX, § 12 A, which provides, in part, that communications to the disciplinary board, the hearing committee, and the ODC “shall be absolutely privileged” and that “no lawsuit predicated thereon may be instituted against any complainant or witness.” After reviewing in depth the history of the provision, we concluded that “violation of Rule XIX § 12(A) can subject an attorney to discipline and a finding of professional misconduct, which in turn supports the imposition of sanctions.”
 
 Raspanti,
 
 08-0954 at p. 8, 8 So.3d 526, 536. For his misconduct in forcing his former client to defend the defamation claim filed against her and in taking retaliatory action that threatened to undermine the disciplinary system, Mr. Raspanti was publicly reprimanded by this court. We noted that although Mr. Raspanti’s conduct was knowing, there were several factors in mitigation of his violation, which warranted the public reprimand. First, no lawyer had ever been sanctioned for a violation of Rule XIX, § 12 A, and there were conflicting statements in the jurisprudence regarding the proper interpretation of the rule. Second, Mr. Raspanti had a principled belief that he was not engaging in inappropriate behavior. Third, he had no prior disciplinary record since being admitted to the bar in 1975. Next, Mr. Raspanti was represented by |9counsel in his lawsuit. Finally, Mr. Raspanti’s client was his sister, whom he had represented only because his parents urged him to do so.
 

 Like Mr. Raspanti, we find respondent in the instant matter knowingly violated duties owed to the legal system, causing actual injury to Cornelius. Further, as we noted in
 
 Raspanti,
 
 the filing of lawsuits prohibited by Rule XIX, § 12 A “has a chilling effect on complaints against attorneys and is prejudicial to the administration of justice within the arena of attorney discipline.”
 

 In mitigation, we recognize the absence of a prior disciplinary record and inexperience in the practice of law at the time of the misconduct (admitted 2000). There are no aggravating factors supported by the record.
 

 Considering our prior holding in
 
 Ras-panti,
 
 we find the imposition of a public reprimand is the appropriate discipline in this case. Accordingly, we will reject the disciplinary board’s recommendation of an actual period of suspension and publicly reprimand respondent for his violation of Supreme Court Rule XIX, § 12 A and the Rules of Professional Conduct.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record and the briefs filed by the parties, it is ordered that Craig J. Mordock, Loui
 
 *490
 
 siana Bar Roll number 27014, be and he hereby is publicly reprimanded. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 [1]
 

 . Valerie and Mr. Fonseca have since married.
 

 [2]
 

 . Before filing the reconventional demand, Mr. Fonseca sent the ODC a copy of the pleading during its investigation of Cornelius’ disciplinary complaint. When the ODC did not respond to Mr. Fonseca, respondent advised him that the ODC’s silence was "acceptance of our position." Mr. Fonseca agreed the ODC’s silence meant they could proceed to file the reconventional demand.
 

 [3]
 

 . Supreme Court Rule XIX, § 12, entitled "Immunity,” provides in pertinent part as follows:
 

 A. From Civil Suits. Communications to the board, hearing committees, or disciplinary counsel relating to lawyer misconduct or disability and testimony given in the proceedings shall be absolutely privileged, and no lawsuit predicated thereon may be instituted against any complainant or witness ....
 

 [4]
 

 . The claims for malicious prosecution, abuse of process, and abuse of rights based on Cornelius’ disciplinary complaint against Mr. Fonseca were not dismissed until December 2005 when Mr. Fonseca filed a
 
 pro se
 
 motion and order to dismiss them. At that time, respondent was still evacuated from New Orleans due to Hurricane Katrina and was not in contact with Mr. Fonseca.
 

 [5]
 

 .The only mention of a disciplinary complaint in Cornelius’ petition for damages is the following passage:
 

 Mr. Tabor informed Mr. Fonseca that he was going to file a complaint with the Louisiana Office of Disciplinary Counsel concerning his harassing conduct. Mr. Fonse-ca told Mr. Tabor that if he did not file a complaint he would see that [Valerie] paid Mr. Tabor back child support owed. Several weeks later Mr. Tabor received a money order from [Valerie] for $1,000.00 toward back child support owed. When Mr. Tabor
 
 *487
 
 told Mr. Fonseca that he still intended to file the disciplinary complaint, no subsequent child support payments were made. This sequence of events further evidences Mr. Fonseca's deliberate and intentional misconduct since Mr. Fonseca has essentially retaliated against an individual charging him with misconduct in violation of the Rules of Professional Conduct for the Louisiana State Bar Association.
 

 [6]
 

 . Cornelius' disciplinary complaint against Mr. Fonseca was resolved in May 2006, more than two years after respondent filed the re-conventional demand.
 

 [7]
 

 . In
 
 Goldstein,
 
 attorneys filed a lawsuit against former clients after the Louisiana State Bar Association’s Committee on Professional Responsibility dismissed the former clients' complaints against the attorneys. The lawsuit sought damages for defamation, malicious prosecution, and abuse of process. The trial court held that the complaints to the Louisiana State Bar Association were absolutely privileged and maintained the exception of no cause of action. The court of appeal affirmed the trial court's ruling with respect to the defamation claim. However, it reversed the ruling with respect to the malicious prosecution and abuse of process claims, finding that absolute privilege is not an affirmative defense when "the crux of the action is not the statements made but the fact that a proceeding was maliciously and/or illegally pursued.”