*908 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
1 iThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Joseph B. Harvin, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
By way of background, Sal Diecidue is the owner of Progressive Iron Works, Inc. (hereinafter referred to as “PIW”). Michael Perkins is the co-owner of Hitt Development, LLC (hereinafter referred to as “Hitt”). Hitt was constructing the Amber Trace condominium development and subcontracted PIW to do the iron work for the development.
Mr. Diecidue received a $5,000 advance and was to be paid an additional $17,700 upon completion of the iron work. On May 15, 2007, Mr. Perkins, on Hitt’s behalf, issued a check to PIW in the amount of $17,700. However, the check was returned unpaid due to insufficient funds in Hitt’s bank account, and Mr. Diecidue did not receive his final payment.
Mr. Diecidue then hired respondent to collect on the NSF check. To that end, on July 2, 2007, respondent filed a petition in Slidell City Court in an action entitled Sal Diecidue, individually and d/b/a Progres *909 sive Iron Works, Inc. v. Michael L. Perkins, individually and, d/b/a Hitt Development, LLC, under docket number 2007C2692. On September 14, 2007, respondent filed a default judgment 12against Mr. Perkins and Hitt, which judgment was subsequently signed by the judge. The default judgment awarded Mr. Diecidue and PIW $34,500, plus attorney’s fees, costs, and legal interest.
Following a judgment debtor rule, Mr. Perkins hired attorney Randall Foreman to represent him in the matter. Mr. Foreman informed respondent that the default judgment was improper because Mr. Perkins was not personally served with the petition.[1] The judgment was also improper because the amount awarded exceeded the jurisdictional limits of the Slidell City Court.[2] When respondent disagreed with Mr. Foreman’s assessment, Mr. Foreman filed a petition to annul the default judgment in an action entitled Michael L. Perkins, individually and d/b/a Hitt Development, LLC v. Sal Diecidue, individually and d/b/a Progressive Iron Works, Inc., under docket number 2008-12313 of the 22nd Judicial District Court for the Parish of St. Tammany.
In response to the petition to annul, on June 16, 2008, respondent filed a consent judgment granting the petition to annul, which the judge signed the next day. However, three days earlier, on June 13, 2008, respondent had filed a notice of lis pendens against all property owned by Mr. Perkins and/or Hitt, even though the NSF check only pertained to the Amber Trace condominium development property. Mr. Foreman requested that respondent remove the improperly filed notice of lis pendens, but respondent refused to do so unless Mr. Perkins agreed to pay the original amount of the default judgment to Mr. Diecidue.
In October 2008, Mr. Perkins was attempting to sell a piece of real property that was unrelated to the NSF check issue. The closing attorney for the sale, Kirk Frosch, discussed with respondent both the notice of lis pendens and the recorded default judgment, which still had not been canceled in the mortgage records despite |3its annulment. Respondent informed Mr. Frosch that he could not remove the notice of lis pendens unless Mr. Diecidue was paid $47,500 from the sale of the property, even though the property had nothing to do with the NSF check that was issued for work done on the Amber Trace condominium development. Respondent did, however, cancel the recordation of the default judgment in the mortgage records by filing an amended consent judgment, which was signed by the judge on October 29, 2008. Nevertheless, the notice of lis pendens ultimately prevented Mr. Perkins from selling the property.
Eventually, respondent admitted his mistakes and waived all attorney’s fees, costs, and expenses relative to his handling of the notice of lis pendens and the underlying Slidell City Court action on the NSF check. The recordation of the notice of lis pendens was finally canceled on February 17, 2009 as a result of a lawsuit filed by Mr. Perkins and Hitt against respondent, Mr. Diecidue, and the St. Tammany Parish Clerk of Court for the improper filing and recordation of the notice of lis pendens. Respondent also made restitution to Mr. Perkins in the amount of $27,500. Additionally, respondent’s legal malpractice in *910 surer paid Mr. Diecidue $10,000 for the improper filing of the notice of lis pendens.
DISCIPLINARY PROCEEDINGS
In May 2011, the ODC filed formal charges against respondent, alleging that his conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 3.1 (meritorious claims and contentions), 3.3(a)(1) (candor toward the tribunal), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
^Respondent, through counsel, filed an answer to the formal charges, admitting that his errors resulted in violations of Rules 3.1 and 3.3(a)(1). Respondent denied that he violated Rule 8.4(c).

Hearing Committee Report

Following the filing of respondent’s answer to the formal charges, this matter proceeded to a hearing on the merits. After considering the testimony and evidence presented at the hearing, the hearing committee made factual findings consistent with the underlying facts set forth above. The committee also made additional factual findings as follows:
Respondent improperly relied upon the Slidell City Court Marshal’s Office regarding whether or not Mr. Perkins had been personally served with the lawsuit. Respondent admitted that he did not personally review the court record before obtaining the default judgment and recognized it was improper of him to not have reviewed the court record.
Respondent also did not discuss with Mr. Foreman his intention to file the notice of lis pendens against many pieces of property to which the NSF check issue was not relevant. He admitted that filing the notice of lis pendens against every piece of property that Mr. Perkins and Hitt owned was improper, and he took responsibility for the improper filing. The ODC pointed out that respondent initially said that Mr. Diecidue directed him to file the notice of lis pendens. However, during his testimony, respondent claimed it was his idea to file the notice of lis pen-dens. Respondent further recognized that the only property against which the notice of lis pendens should have been filed was the property PIW had performed iron work on, that being the Amber Trace condominium development. Respondent acknowledged that PIW did not work on any of the other properties listed on the notice of lis pendens. Even after realizing the notice of lis pendens 15was improperly filed, respondent placed responsibility on Mr. Diecidue, who allegedly refused to allow him to cancel it.
Respondent did not deny that the filing of the notice of lis pendens caused Mr. Perkins harm. In fact, he made $27,500 in restitution to Mr. Perkins. However, he did not do so until after the conclusion of the trial relative to the lawsuit filed by Mr. Perkins and Hitt against respondent, Mr. Diecidue, and the St. Tammany Parish clerk of court for the improper filing of the notice of lis pendens.
Based on these facts, the committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges. Specifically, the committee found that respondent violated Rules 3.1 and 3.3(a)(1) by filing the notice of lis pendens against several pieces of property owned by Mr. Perkins and Hitt to which Mr. Diecidue and PIW had no financial interest or valid lien standing. The committee also found that respondent violated Rule 3.3(a)(1) by obtaining an invalid default judgment against Mr. Perkins and Hitt in excess of the jurisdictional limit specified for Slidell City Court. He continued to violate Rule 3.3(a)(1) when he *911 failed to correct the problem of the improper default judgment, forcing Mr. Perkins and Hitt to file a petition to annul the judgment. The committee further found that respondent violated Rule 8.4(c) by continuously attempting to use the improperly filed notice of lis pendens as a means to obtain financial compensation for the NSF check. Furthermore, respondent’s filing of the notice of lis pendens without notifying Mr. Foreman of same was a clear intent to mislead Mr. Perkins and Hitt as to his intentions with respect to the consent judgment annulling the default judgment. Through his actions, respondent stated that, if he could not get his judgment through Slidell City Court, then he was going to make sure Mr. Diecidue had some other means of negotiation against Mr. Perkins and Hitt, which the committee described as “tantamount to ‘legal 1 ^bullying.’ ” As a result of the above rule violations, the committee found that respondent also violated Rule 8.4(a).
The committee explained that the effect of filing the notice of lis pendens started a landslide of events. Respondent had tunnel vision when it came to getting Mr. Diecidue’s money for the NSF check. Compliance with the Rules of Professional Conduct and the Code of Civil Procedure simply were not a consideration. At no time during his conversation with Mr. Frosch did respondent acknowledge that the notice of lis pendens should not apply to the property upon which Mr. Frosch was trying to complete a closing sale. Respondent simply continued to negotiate on the basis of false legal leverage. The fallout of respondent’s actions was considerable considering the extent to which the parties had to go and the amount of legal fees, bills, and financial harm.
The committee then determined that respondent knowingly violated duties owed to his client, third parties, the legal system, and the legal profession. His conduct caused harm to Mr. Diecidue, resulting in unnecessary litigation, and to Mr. Perkins, who was prevented from selling property and was forced to hire an attorney for unnecessary litigation. Additionally, respondent harmed the legal system and the legal profession. Given these circumstances, the committee determined that the applicable baseline sanction in this matter is suspension.
In aggravation, the committee found the following factors: 1) even after being advised of his mistake, respondent refused to properly cancel the improperly obtained default judgment and further failed to cancel the improperly filed notice of lis pen-dens; 2) respondent failed to acknowledge or take responsibility for his actions until long after harm had been done to Mr. Perkins and Hitt; and 3) respondent has a prior disciplinary record in the form of a 1988 private reprimand for failing to provide his client with a prompt accounting of settlement funds.
|7In mitigation, the committee found the following factors are present: full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, character or reputation, remorse, and respondent’s efforts at restitution.
Under these circumstances, the committee recommended that respondent be suspended from the practice of law for ninety days, with all but thirty days deferred. The committee further recommended that respondent attend the Louisiana State Bar Association’s Ethics School for two consecutive years.
Both respondent and the ODC filed objections to the hearing committee’s report and recommendation.

Disciplinary Board Recommendation

After reviewing the record, the disciplinary board determined that the hearing *912 committee’s factual findings are not manifestly erroneous and are supported by the testimony and documentary evidence. The board further determined that the record supports the committee’s conclusions regarding rule violations.
The board then determined that respondent knowingly violated duties owed to his client, third parties, the legal system, and the legal profession. His conduct harmed his client by causing unnecessary litigation and harmed Mr. Perkins, who was unable to sell a piece of property because of the improperly filed notice of lis pendens. Additionally, Mr. Perkins was forced to incur additional legal expenses to handle unnecessary litigation caused by respondent’s actions. Guided by the ABA’s Standards for Imposing Lawyer Sanctions, the board stated that suspension is the baseline sanction for similar misconduct.
In aggravation, the board found a prior disciplinary record and substantial experience in the practice of law (admitted 1985). In mitigation, the board found |sfull and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, character or reputation, remorse, and remoteness of the prior disciplinary offense.
Noting that prior jurisprudence suggests a brief suspension is warranted in this matter, the board recommended that respondent be suspended from the practice of law for three months, with all but thirty days deferred, followed by one year of unsupervised probation and attendance at the Louisiana State Bar Association’s Ethics School.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The record of this matter supports a finding that respondent obtained an improper default judgment and filed an improper notice of lis pendens. This misconduct amounts to a violation of the Rules of Professional Conduct as alleged in the formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining |9a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent knowingly violated duties owed to his client, the public, the legal system, and the legal profession. His conduct harmed Mr. Perkins and Mr. Diecidue. Suspension is the baseline sane *913 tion for this type of misconduct. The record supports the aggravating and mitigating factors found by the disciplinary board. Additionally, we find the aggravating factor of vulnerability of the victim is present in that Mr. Perkins’ financial problems were exacerbated by respondent’s misconduct.
Turning to the issue of an appropriate sanction, we find guidance from the case of In re: Raspanti, 08-0954 (La.3/17/09), 8 So.3d 526. In Raspanti, we publicly reprimanded an attorney who sued a former client for defamation after the client filed a disciplinary complaint against him, explaining that such lawsuits were frivolous and prejudicial to the administration of justice.
Unlike Raspanti, the instant matter involves substantial harm to respondent’s victims. Additionally, respondent has pri- or discipline, while Mr. Raspanti did not. Under these circumstances, we find the board’s recommended sanction in this matter is reasonable. Accordingly, we will suspend respondent from the practice of law for three months, with all but thirty days deferred, followed by one year of unsupervised probation with the condition that he attends the Louisiana State Bar Association’s Ethics School.
1^DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Joseph B. Har-vin, Louisiana Bar Roll number 14988, be and he hereby is suspended from the practice of law for three months. It is further ordered that all but thirty days of the suspension shall be deferred. Following the active portion of the suspension, respondent shall be placed on unsupervised probation for one year. As a condition of probation, respondent is ordered to attend the Louisiana State Bar Association’s Ethics School. The probationary period shall commence from the date respondent and the ODC execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
VICTORY, J., dissents and would impose greater discipline.

. The record reflected that Mr. Perkins was served via domiciliary service.

. The amount in controversy of actions filed in the Slidell City Court cannot exceed $35,000 pursuant to La.Code Civ. P. art. 4843(G).